# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>DAVID GONZALEZ,<br><br>Defendant. | Case No. 3:11-cr-00055-HDM-WGC<br><br>ORDER |

Defendant, DAVID GONZALEZ ("Defendant") is currently facing charges of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). On July 21, 2011, this Court ordered, pursuant to 18 U.S.C. § 4241, that Defendant undergo a mental examination at a Federal Medical Facility to determine if Defendant suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist an attorney in his own defense. The Court further ordered that the Director of the facility at which the examination was conducted to prepare a psychiatric or psychological report of Defendant and to send copies of such psychiatric or psychological report to the Clerk of the United States District Court for the District of Nevada and to counsel for the parties.

Following that evaluation, a Forensic Evaluation was prepared. The Forensic Evaluation, conducted by Ralph Ihle, Ph.D, concluded that, "there is objective evidence to indicate that Mr. Gonzalez does suffer from a mental disorder that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense."

On November 8, 2011, a hearing was held to determine Defendant's mental competency. Defendant was questioned by the Court regarding numerous matters such as where he was located, whether he understood the proceedings and charges against him, and other like matters. No additional evidence relating Defendant's mental competency was presented during the hearing. After carefully reviewing the Forensic Evaluation and observing Defendant's conduct and answers

1

provided to the Court, the Court accepts the Forensic Evaluation and finds, by a preponderance of the evidence, Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist his counsel properly in his defense.

IT IS THEREFORE ORDERED that the United States Marshal's Service transport Defendant to a suitable mental health facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

IT IS FURTHER ORDERED that Defendant be held in the designated facility for a reasonable period of time, not to exceed four (4) months.

IT IS FURTHER ORDERED that the Director of the facility at which Defendant is transported shall prepare, or cause to be prepared, a supplemental Forensic Evaluation of Defendant determining whether Defendant continues to suffer from a mental disease or defect rendering him mentally incompetent to stand trial at this time, and whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed. Copies of this supplemental Forensic Evaluation shall be sent to the Clerk of the United States District Court for the District of Nevada, to Carla B. Higginbotham, Assistant United States Attorney, and to Thomas E. Viloria, counsel for defendant GONZALEZ no later than February 21, 2012.

IT IS FURTHER ORDERED that a second Competency Hearing will be on Tuesday, March 6, 2012 at 10:00 a.m.

IT IS FURTHER ORDERED that in the event the Director of the facility determines, prior to the March 6, 2012 Competency Hearing, that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to properly assist in his defense, the Director shall promptly provide a certificate to that effect with the Clerk of the United States District Court for the District of Nevada, Reno. The clerk shall send a copy of the certificate to Carla B. Higginbotham, Assistant United States Attorney, and to Thomas E. Viloria, counsel for defendant Gonzalez. If this occurs, the Court will advance the March 6, 2012 Competency Hearing in this matter.

The Court finds that the period of time required for the above described psychiatric and

psychological examination is excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A) and (H).

IT IS SO ORDERED.

Date this 10th day of November, 2011.

_____
HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE